# United States Court of Appeals
## For the First Circuit

———————————

No. 26-1703

DORCAS INTERNATIONAL INSTITUTE OF RHODE ISLAND; REFUGEE DREAM CENTER; SERVICE EMPLOYEES INTERNATIONAL UNION; INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; AFRICAN COMMUNITIES TOGETHER; VENEZUELAN ASSOCIATION OF MASSACHUSETTS; PARTNERSHIP FOR THE ADVANCEMENT OF NEW AMERICANS; AMERICAN GATEWAYS,

Plaintiffs - Appellees,

v.

UNITED STATED CITIZENSHIP AND IMMIGRATION SERVICES; JOSEPH EDLOW, in the official capacity as Director of the United States Citizenship and Immigration Services; DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in the official capacity as Secretary of the Department of Homeland Security,

Defendants - Appellants.

———————————

Before

Montecalvo, Aframe, and Dunlap,
Circuit Judges.

———————————

**ORDER OF COURT**

Entered: August 14, 2026

Defendants-appellants have filed in this court an "emergency motion for . . . a stay pending appeal." Defendants-appellants seek a stay of a Federal Rule of Civil Procedure 54(b) partial final judgment the district court entered in favor of plaintiffs-appellees on two claims under the Administrative Procedure Act. On June 11, 2026, the district court entered the Rule 54(b) judgment, as well as an order setting out the district court's reasoning for having entered the Rule 54(b) judgment. The court has received and considered a response to the "emergency motion" and a reply.

"'A stay is not a matter of right, even if irreparable injury might otherwise result.'" Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672

(1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34. When deciding whether to exercise its discretion to grant a stay pending appeal, a court should consider the following four factors "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "The first two factors . . . are the most critical." Id.

Among other jurisdictional and merits arguments, defendants-appellants raise a variety of arguments that the policies plaintiffs-appellees challenge do not constitute agency action within the meaning of the Administrative Procedure Act, that any agency action is not final, and that plaintiffs-appellees' claims are not ripe. Upon careful consideration of the parties' stay papers in this court, we conclude that stay relief is in order only with respect to the district court's stay of the Comprehensive Re-Review Policy, which directs USCIS personnel to "[c]onduct a comprehensive re-review of approved benefit requests for aliens from [certain countries] who entered the United States on or after January 20, 2021." The government has not met its burden to demonstrate entitlement to a stay with respect to the other two policies stayed by the district court. Therefore, we grant defendants-appellants' request for stay, in part, limited to the Comprehensive Re-Review Policy. The request for stay is otherwise denied.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Honorable John J. McConnell
Hanorah Tyer-Witek, Clerk, United States District Court for the District of Rhode Island
Lauren S. Zurier
Kevin M. Bolan
Marie Vanderbilt Robinson
Tyler J. Becker
Catherine Mary Agnes Carroll
Amy Retsinas Romero
Kevin Love Hubbard
Robin F. Thurston
Abbey Rose Koenning Rutherford
Reem Subei
Anashua Dutta
Melissa Shay Keaney
Ryan W. Cooper
Vijayasaradhi Bondada